IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **DELORIS BRADFORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action, Case No.: 5:11CV-154-R |
| v. | ) |
| | ) JURY DEMAND |
| **SWIFT & STALEY MECHANICAL** | ) |
| **CONTRACTORS, INC.** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, Deloris Bradford, by and through her undersigned counsel, and for her Complaint states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the State of Kentucky, and is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

### THE PARTIES

2. Plaintiff is a resident of Massac County, Illinois. Plaintiff was, at all relevant times, an employee of Defendant Swift & Staley Mechanical Contractors, Inc.

3. Defendant Swift & Staley Mechanical Contractors, Inc. is a Kentucky corporation with its principal place of business at 101 Liberty Drive, Suite 7, Kevil, KY 42053. Its registered agent for service of process is W.G. Holsapple, Jr., who may be served at Defendant's principal business location at 101 Liberty Drive, Suite 7, Kevil, KY 42053.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the federal claim brought by Plaintiff pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, because it raises a federal question pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Plaintiff's state-law claim pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Plaintiff in McCracken County, Kentucky, which is located within this judicial district.

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission. The EEOC issued a Determination on or about May 9, 2011 finding reasonable cause to believe Defendant had violated the Americans with Disabilities Act. A copy of the EEOC's Determination is attached hereto as Exhibit A. Plaintiff received a Notice of Right to Sue from the EEOC with respect to the Americans with Disabilities Act charge set forth below less than ninety days prior to the filing of this Complaint. A copy of Plaintiff's Notice of Right to Sue letter is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7. Beginning in or about 2005, Ms. Bradford worked as a Laborer for Defendant.

8. In 2007 or 2008, Ms. Bradford began to have occasional episodes of dizziness and/or fainting. These episodes were minor and did not require any restrictions on her work.

9. As the episodes became more frequent in late 2008 and early 2009, Ms. Bradford's physicians had her take time off work to seek treatment.

10. Ms. Bradford's family doctor released her to return to work on or about May 2, 2009. At Defendant's request, Ms. Bradford also obtained a release to return to work from Occunet.

11. Ms. Bradford attempted to return to work on March 9, 2009 but Defendant demanded a medical release from her cardiologist, even though he had never taken her off work.

12. Ms. Bradford obtained a medical release from her neurologist but Defendant would not let her return to work for another month because her cardiologist would not provide a return-to-work release since he had not taken her off work.

13. Ms. Bradford had another spell on October 2, 2009 at work and a spell at home on April 20, 2010. She took time off work after each spell and consulted with various doctors to obtain a proper diagnosis of and treatment for the episodes.

14. After treatment, Ms. Bradford's doctors released her to return to work without restrictions following both the October 2009 and the April 2010 episodes.

15. Ms. Bradford suffered her final episode while at work on July 7, 2010.

16. While she was off work following that episode, Ms. Bradford's doctors identified the true cause of her problem and provided treatment that cured her condition.

17. Ms. Bradford's doctors released her to return to work without restrictions as of September 1, 2010. At Defendant's request, Occunet released Ms. Bradford to return to work without restrictions as of September 2, 2010.

18. Defendant did not communicate with any of Ms. Bradford's doctors in or about September 2010 regarding Ms. Bradford's new diagnosis or its impact on her ability to work.

19. Yet, when she returned to work, Defendant told Ms. Bradford that it did not trust her medical releases because of the previous incorrect diagnoses.

20. Accordingly, Defendant removed Ms. Bradford from her Laborer job and assigned her to work as a Janitor, a classification in which she could not receive overtime work, which was commonly available to Laborers.

21. Further, Defendant prohibited Ms. Bradford from driving any motorized vehicle or operating any power tools.

22. As a result of the prohibition on driving, Ms. Bradford had to walk long distances across the work facility, carry heavy objects, and make many more trips to perform her job than other Janitor employees who were permitted to drive.

23. Defendant's limitations on operating power tools prevented Ms. Bradford from receiving temporary reassignments, a process through which an employee in one class who has an appropriate skill set is able to fill in for higher-skill jobs and receive the pay for the higher-level job.

24. Ms. Bradford's neurologist sent Defendant a letter in January 2011 stating her corrected diagnoses and emphasizing that she could work without restrictions, including driving motorized vehicles. Still, Defendant continued to limit Ms. Bradford for months before it returned her to a Laborer position.

25. Defendant's treatment of Plaintiff was because it perceived her as disabled and/or because of her record of disability.

26. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

27. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Plaintiff has suffered pecuniary losses in the form of lost income as well as severe emotional

distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

### REGARDED AS DISABLED

28. Ms. Bradford realleges and incorporates herein the allegations contained in Paragraphs 1 – 27.

29. Defendant's actions constitute a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

30. Defendant regarded Ms. Bradford as disabled and, on this basis, treated her differently than other employees even though she was, at all relevant times, physically and mentally capable of performing all essential functions of her job.

31. Defendant's discriminatory actions against Ms. Bradford were willful and knowingly committed.

32. As a direct and proximate result of Defendant's adverse treatment of Ms. Bradford in violation of the Americans with Disabilities Act, Ms. Bradford was injured and suffered damages.

33. Ms. Bradford has sustained a loss of back pay, front pay, and severe emotional distress.

34. Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Ms. Bradford's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981(a) & (b).

## COUNT II

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

## RECORD OF DISABILITY

35. Ms. Bradford realleges and incorporates herein the allegations contained in Paragraphs 1 – 34.

36. Defendant's actions constitute a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

37. Defendant was aware that Ms. Bradford had a record of disability, which was, in whole or in part, the reason for its treatment of Ms. Bradford.

38. Defendant's discriminatory actions against Ms. Bradford were willful and knowingly committed.

39. As a direct and proximate result of Defendant's adverse treatment of Ms. Bradford in violation of the Americans with Disabilities Act, Ms. Bradford was injured and suffered damages.

40. Ms. Bradford has sustained a loss of back pay, front pay, and severe emotional distress.

41. Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Ms. Bradford's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981(a) & (b).

## COUNT III

### DISABILITY DISCRIMINATION IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

42. Ms. Bradford realleges and incorporates herein the allegations contained in Paragraphs 1 – 41.

43. Defendant's conduct constitutes illegal discrimination on the basis of a perceived disability and/or a record of being disabled in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

44. As a result of Defendant's conduct, Ms. Bradford suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. That, upon the trial of this matter, Plaintiff be awarded judgment for damages of the lost compensation she has suffered from the date of Defendant's discriminatory actions in an amount to be proven at trial;

4. That the Plaintiff be awarded additional compensatory damages including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation in an amount to be proven at trial;

5. That costs and discretionary costs be taxed against Defendants;

6. That Defendants be ordered to pay punitive damages in an amount to be determined at trial;

7. That costs and attorneys' fees be assessed against Defendants pursuant to 42 U.S.C. § 12205 and Ky. Rev. Stat. § 344.450;

8. That pre-Judgment and Post-Judgment interest be assessed against Defendant, as provided by law;

9. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

10. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
TN BPR # 021714

Sullenger Law Office, PLLC
1324 Jefferson Street
Paducah, KY  42001
Voice: (270) 443-9401
Fax:    (270) 443-3624

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Dolores Bradford*